Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

VANESSA CARDOSO and MAYRA REBECA MARTINEZ, *individually and on behalf of others similarly situated,*

*Plaintiffs*,

-against-

EL MUNDO UNIDOS DELI GROCERY BAKERY CORP. (D/B/A EL MUNDO UNIDOS BAKERY), ROGELIO GONZALEZ DOMINGUEZ and ROSALBA GONZALEZ,

*Defendants.*

-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Vanessa Cardoso and Mayra Rebeca Martinez ("Plaintiffs", individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against El Mundo Unidos Deli Grocery Bakery Corp. (d/b/a El Mundo Unidos Bakery), ("Defendant Corporation"), Rogelio Gonzalez Dominguez and Rosalba Gonzalez, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1. Plaintiffs are former employees of Defendants El Mundo Unidos Deli Grocery Bakery Corp. (d/b/a El Mundo Unidos Bakery), Rogelio Gonzalez Dominguez and Rosalba Gonzalez.

2. Defendants own, operate, or control a deli/grocery/bakery, located at 55 E. 18th St., Brooklyn, NY 11226 under the name "El Mundo Unidos Bakery".

3. Upon information and belief, Individual Defendants Rogelio Gonzalez Dominguez and Rosalba Gonzalez, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli/grocery/bakery as a joint or unified enterprise.

4. Plaintiffs were employed as general assistants at the deli/grocery/bakery located at 55 E. 18th St., Brooklyn, NY 11226.

5. Plaintiffs were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to cooking, cleaning the place (including sweeping and mopping, cleaning the bathroom, cleaning the shelves, cleaning the filters and the walls), accommodating beers and sodas in the freezer and hiding beer cases delivered in the back of the business (hereafter the ("non-tipped duties").

6. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants employed and accounted for Plaintiffs as tipped workers in their payroll, but in actuality their duties required a significant amount of time spent performing the non-tipped duties alleged above.

9. Regardless, at all relevant times, Defendants paid Plaintiffs at a rate that was lower

than the required tip-credit rate.

10. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

11. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as tipped workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay her at the lower tip-credit rate (which they still failed to do).

12. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

13. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14. Plaintiffs now brings this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15. Plaintiffs seek certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cardoso's state law claims under 28 U.S.C. § 1367(a).

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli/grocery/bakery located in this district. Further, Plaintiff Cardoso was employed by Defendants in this district.

## PARTIES

*Plaintiff*

18. Plaintiff Vanessa Cardoso ("Plaintiff Cardoso" or "Ms. Cardoso") is an adult individual residing in Kings County, New York.

19. Plaintiff Cardoso was employed by Defendants at El Mundo Unidos Bakery from approximately October 20, 2025 until on or about July 28, 2026.

20. Plaintiff Mayra Rebeca Martinez ("Plaintiff Martinez" or "Ms. Martinez") is an adult individual residing in Kings County, New York.

21. Plaintiff Martinez was employed by Defendants at El Mundo Unidos Bakery from approximately June 20, 2025 until on or about September 2025.

22. Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23. At all relevant times, Defendants own, operate, or control a deli/grocery/bakery, located at 55 E. 18th St., Brooklyn, NY 11226 under the name "El Mundo Unidos Bakery".

24. Upon information and belief, El Mundo Unidos Deli Grocery Bakery Corp. (d/b/a El Mundo Unidos Bakery) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 55 E. 18th St., Brooklyn, NY 11226.

25. Defendant Rogelio Gonzalez Dominguez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rogelio Gonzalez Dominguez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Rogelio Gonzalez Dominguez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26. Defendant Rosalba Gonzalez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rosalba Gonzalez is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Rosalba Gonzalez possess operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

27. Defendants operate a deli/grocery/bakery located in the Park Slope section of Brooklyn in New York City.

28. Individual Defendants, Rogelio Gonzalez Dominguez and Rosalba Gonzalez, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

31. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

33. Upon information and belief, Individual Defendants Rogelio Gonzalez Dominguez and Rosalba Gonzalez operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

34. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

35. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

36. In each year from 2025 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli/grocery/bakery on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

38. Plaintiffs are former employees of Defendants who were employed as general assistants.

39. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Vanessa Cardoso*

40. Plaintiff Cardoso was employed by Defendants from approximately October 20, 2025 until on or about July 28, 2026.

41. Defendants employed Plaintiff Cardoso as a general assistant.

42. Plaintiff Cardoso regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

43. Plaintiff Cardoso's work duties required neither discretion nor independent judgment.

44. Throughout her employment with Defendants, Plaintiff Cardoso regularly worked in excess of 40 hours per week.

45. From approximately October 20, 2025 until on or about July 28, 2026, Plaintiff Cardoso worked from approximately 10:00 a.m. until on or about 7:20 p.m., Mondays through Fridays (typically 46.67 hours per week).

46. Throughout her employment, Defendants paid Plaintiff Cardoso her wages in cash.

47. From approximately October 20, 2025 until on or about July 28, 2026, Defendants paid Plaintiff Cardoso a fixed salary of $500.00 per week.

48. Plaintiff Cardoso's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

49. Specifically, Defendants required Plaintiff Cardoso to work an additional 15 to 20 minutes past her scheduled departure time, and did not pay her for the additional time she worked.

50. Defendants only granted Plaintiff Cardoso 30-minute meal periods three days a week.

51. Plaintiff Cardoso was never notified by Defendants that her tips were being included as an offset for wages.

52. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Cardoso's wages.

53. Plaintiff Cardoso was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

54. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cardoso regarding overtime and wages under the FLSA and NYLL.

55. Defendants did not provide Plaintiff Cardoso an accurate statement of wages, as required by NYLL 195(3).

56. Defendants did not give any notice to Plaintiff Cardoso, in English and in Spanish (Plaintiff Cardoso's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57. As a result of Defendants' failure to provide Plaintiff Cardoso with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, she was prevented from: (i) comparing her rate of pay to her hours worked; (ii) realizing that she was underpaid; and (iii) advocating for herself and/or taking appropriate action to obtain the payments due to her.

*Plaintiff Mayra Rebeca Martinez*

58. Plaintiff Martinez was employed by Defendants from approximately June 20, 2025 until on or about September 2025.

59. Defendants employed Plaintiff Martinez as a general assistant.

60. Plaintiff Martinez regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

61. Plaintiff Martinez's work duties required neither discretion nor independent judgment.

62. Throughout her employment with Defendants, Plaintiff Martinez regularly worked in excess of 40 hours per week.

63. From approximately June 20, 2025 until on or about September 2025, Plaintiff Martinez worked from approximately 9:00 a.m. until on or about 7:30 p.m., Fridays through Wednesdays (typically 63 hours per week).

64. Throughout her employment, Defendants paid Plaintiff Martinez her wages in cash.

65. From approximately June 20, 2025 until on or about September 2025, Defendants paid Plaintiff Martinez a fixed salary of $560.00 per week.

66. Plaintiff Martinez's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

67. Specifically, Defendants required Plaintiff Martinez to work an additional 1.5 to 2.5 hours past her scheduled departure time, and did not pay her for the additional time she worked.

68. Defendants only granted Plaintiff Martinez 30-minute meal periods three days a week.

69. Plaintiff Martinez was never notified by Defendants that her tips were being included as an offset for wages.

70. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Martinez's wages.

71. Plaintiff Martinez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

72. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

73. Defendants did not provide Plaintiff Martinez an accurate statement of wages, as required by NYLL 195(3).

74. Defendants did not give any notice to Plaintiff Martinez, in English and in Spanish (Plaintiff Martinez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75. As a result of Defendants' failure to provide Plaintiff Martinez with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, she was prevented from: (i) comparing her rate of pay to her hours worked; (ii) realizing that she was underpaid; and (iii) advocating for herself and/or taking appropriate action to obtain the payments due to her.

*Defendants' General Employment Practices*

76. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

77. Defendants required Plaintiffs and all tipped workers to perform general non-tipped tasks in addition to their primary duties as tipped workers.

78. Plaintiffs and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

79. Plaintiffs and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

80. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

81. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which she or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

82. Plaintiffs' duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general restaurant/bakery work with duties, including the non-tipped duties described above.

83. In violation of federal and state law as codified above, Defendants classified Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

84. Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

85. Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

86. Defendants failed to maintain a record of tips earned by Plaintiffs who worked as general assistants.

87. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving general assistants of all of the tips earned during the course of employment.

88. Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiffs and other tipped employees, in violation of New York Labor Law § 196-d (2007).

89. Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit or pay them the full hourly minimum wage.

90. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

91. Plaintiffs were paid their wages in cash.

92. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

93. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

94. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

95. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

96. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

97. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour,

shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

98. As a result of Defendants' failure to provide Plaintiffs and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiffs and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

**FLSA COLLECTIVE ACTION CLAIMS**

99. Plaintiffs brings their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

100. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

101. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

102. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

104. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

105. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

106. Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

107. Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

108. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

109. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111. Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

112. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

113. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

115. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

116. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

117. Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

118. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

120. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

121. Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

122. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

124. Defendants' failure to pay Plaintiffs (and the FLSA Class members an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

125. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

126. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

128. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

129. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(l) Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage AND overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
August 24, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: */s/ Michael Faillace*
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

michael@faillacelaw.com

August 20, 2026

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Vanessa Cardoso

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: ____________________

Date / Fecha: August 20, 2026

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 21, 2026

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Mayra Rebeca Martinez

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: ______________________

Date / Fecha: August 21, 2026